

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Daniel V. Shapiro*
*Assistant United States Attorney*

970 Broad Street, Suite 700    (973) 353-6087
Newark, New Jersey 07102

March 3, 2017

Hon. Stanley R. Chesler
United States District Judge
United States Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

    Re:    <u>United States v. Rahman Fulton,</u> Crim. No. 13-261 (SRC)

Dear Judge Chesler:

    Please accept this letter in lieu of a more formal response to the defendant's Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction (Docket Entry 97). In that motion, the defendant seeks to "dismiss the indictment and conviction . . . pursuant to the Federal Rules of Civ. Proc., 12(b)(1) and 12(h)(3)."

    The authority of a District Court to modify its judgments is found in Federal Rules of Criminal Procedure 33, 35, 36, and through 18 U.S.C. § 3582(c)(2), and 28 U.S.C. § 2255. Because the defendant is challenging the validity of his conviction on legal grounds, as opposed to supposedly newly discovered evidence, the only vehicle that would permit the defendant to press his claim is a Section 2255 motion. A Section 2255 motion, however, would be premature at this stage because the time for the defendant to petition for a writ of certiorari has not expired. *See Kapral v. United States*, 166 F.3d 565, 572 (3d Cir. 1999) (holding that a district court should not consider a Section 2255 motion while an appeal is pending, at least in the absence of "extraordinary circumstances.")[1] Thus, even were this Court to reclassify the motion as a

---

[1]    In this case, the court of appeals' judgment was entered on February 8, 2017. If the defendant does not file a petition for certiorari, the judgment of conviction will become final on May 9, 2017—90 days after the court of appeals' judgment was entered. *See Clay v. United States*, 537 U.S. 522 (2003). If the defendant files a petition for certiorari, the judgment of conviction becomes final if the Supreme Court denies the cert. petition (or affirms the defendant's conviction on the merits). *See, e.g., United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002); *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001); *Green v. United States*, 260 F.3d 78, 84 (2d Cir. 2001);

Section 2255 motion, there would be no point in requiring a responsive pleading at this juncture.

      Additionally, if this Court does reclassify the motion as a Section 2255 motion, it should notify the defendant (and his current counsel) of the court's intent to do so, warn him of the consequences of that recharacterization, and provide him with an opportunity to either withdraw the motion or "amend it so that it contains all of the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see Piller v. Ford*, 542 U.S. 225, 233 (2004).

      Respectfully submitted,

      PAUL J. FISHMAN
      United States Attorney

      /s Daniel Shapiro

BY:  DANIEL SHAPIRO
      Assistant United States Attorney

cc:  Carol Gillen and K. Anthony Thomas, AFPDS (*via ECF*)

    Mr. Rahman Fulton #64940-050
    Allenwood Federal Correctional Institution
    PO Box 2000
    White Deer, PA 17887 (*via Regular Mail*)

---

*Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (citing cases from five other circuits).